DANIEL G. BOGDEN
United States Attorney
District of Nevada
ROGER YANG
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 8 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

United States of America,

   Plaintiff,

  vs.

TRAVIS PAUL SCHULTZ,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

2:13-cr-0095 JCM PAL

**PLEA AGREEMENT UNDER**
**FED. R. CRIM. P. 11 (c)(1)(A) and (B)**

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Roger Yang, Assistant United States Attorney, the defendant TRAVIS PAUL SCHULTZ, and the defendant's attorney, DAMIAN R. SHEETS, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and TRAVIS PAUL SCHULTZ (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

1  does not control or prohibit the United States or any agency or third party from seeking any

2  other civil or administrative remedies directly or indirectly against the defendant.

3  **II.      DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

4        A.      <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead guilty to

5  the following charges:

6        <u>Count 1</u>: Coercion and Enticement in violation of 18 U.S.C. § 2422(b).

7        The defendant also agrees to the forfeiture of the property set forth in the Forfeiture

8  Allegations of the Indictment.

9        B.      <u>Waiver of Trial Rights</u>.  The defendant acknowledges that he has been advised

10  and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain

11  rights guaranteed to all defendants by the laws and the Constitution of the United States.

12  Specifically, the defendant is giving up:

13        1.      The right to proceed to trial by jury on all charges, or to a trial by a judge

14  if the defendant and the United States both agree;

15        2.      The right to confront the witnesses against the defendant at such a trial,

16  and to cross-examine them;

17        3.      The right to remain silent at such a trial, with assurance that his silence

18  could not be used against him in any way;

19        4.      The right to testify in his own defense at such a trial if he so chooses;

20        5.      The right to compel witnesses to appear at such a trial and testify in the

21  defendant's behalf; and

22        6.      The right to have the assistance of an attorney at all stages of such

23  proceedings.

24

C.     Withdrawal of Guilty Plea.  The defendant will not seek to withdraw his guilty pleas after he has entered them in court.

D.     Additional Charges.   The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

The United States will move to dismiss any additional charges pending against the defendant in this case at the time of sentencing.

## III.    ELEMENTS OF THE OFFENSES

Count 1: The elements of Coercion and Enticement under 18 U.S.C. § 2422(b) are:

1.     The defendant, using the mail or any facility or means of interstate or foreign commerce;

2.     Knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade induce, entice, or coerce;

3.     Any individual who had not attained the age of 18 years;

4.     To engage in any sexual activity for which any person can be charged with a criminal offense.

## IV.    FACTS SUPPORTING GUILTY PLEA

A.     The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B.     The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to forfeit the specified property.  The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

3

1      C.      The defendant waives any potential future claim that the facts he admitted in this

2   Plea Agreement were insufficient to satisfy the elements of the charged offenses.

3      D.      The defendant admits and declares under penalty of perjury that the facts set

4   forth below are true and correct:

5         On February 1, 2013, a detective saw a craigslist.com ad in the "casual encounter"

6   section stating: "So I'm wanting to cum 2 times tonight. One in ur mouth or tits. I'm 100% clean.

7   Been checked. An after that I want u to suck it hard again then I wanna fuck untill I can cum

8   again. With protection then. So put 2 times in title so I know u read it an pic too thank you." The

9   detective responded using an undercover e-mail account, asking, "down 2 kick it wit sum1 a lot

10  younger?" The poster responded from e-mail address travisschultz81@yahoo.com, with "How

11  young?" approximately 12 minutes after the detective's initial e-mail. The detective responded,

12  "fourteen,,, keepin it real. U only 30," and travisschultz81@yahoo.com responded seven minutes

13  later with "I'm only 30 but have a baby face look like 27."

14        Eventually, travisschultz81@yahoo.com sent a photo of himself to the undercover

15  account. After a discussion of whether he was her "type," the poster wrote "Well since u seem

16  legit too I'm on CL looknig find a friend an get some FWB going on. But it never seems to be

17  my lucky day." The poster stated that he lived in Henderson and sent the undercover his phone

18  number and asked the undercover to "dirty text" him.

19        Via text, the defendant said his name is Travis. He wanted to know when the girl could

20  sneak out. Travis then asked for "another pic of u maybe dirty." After some more texts, Travis

21  said "I was going to say if u sent me a pic of ur chest I'd send u a pick of what it did to me......"

22  When the undercover responded that she was not comfortable sending nudes, he responded

23  "Well it was worth a try. So tell me how experienced are u? What is ur favorite thing to do an

24  have done. An position?" The defendant asked the questions re: sexual experience the next day.

1  Detectives identified "Travis" as the defendant. The defendant asked when Samantha lost

2  her virginity, in addition to asking detailed questions about her breasts and if she enjoyed oral

3  sex. The defendant kept asking for a picture of Samantha's breasts. The defendant then proposed

4  "hooking up" on February 2, 2013, and bringing alcohol to Samantha. They make plans, and

5  then "Samantha" asks if Travis is going to bring condoms, and Travis says yes. The defendant

6  described his truck and they make plans to meet at a Subway where Horizon and Horizon Ridge

7  meet in Henderson, Nevada.

8  The defendant showed up to the meeting with beer and a condom. During an interview,

9  the defendant admitted to communicating with Samantha, who he thought was a juvenile, and

10  pursuing her for sex. He also admitted that he was hoping to hook up with her, and that he

11  brought the condom for protection, and when asked if he was going to have sex with

12  "Samantha," he replied, "If it led to that... yes."

13  The defendant admits that the following property either (a) constitutes or is derived from

14  proceeds he obtained directly or indirectly from his criminal violations, or (b) was used, or

15  intended to be used, in any manner or part, to commit, or to facilitate the commission of, his

16  criminal violations: a) iPhone (unknown serial); and b) Silver Dell XPS PC tower, serial

17  #1FGDM1.

18  **V.   COLLATERAL USE OF FACTUAL ADMISSIONS**

19  The facts set forth in Section IV of this Plea Agreement shall be admissible against the

20  defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.  If the defendant

21  does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea

22  Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting

23  any evidence, argument or representation offered by or on the defendant's behalf.   The

24

1    defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410

2    regarding the use of the facts set forth in Section IV of this Plea Agreement.

3    **VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

4         A.    Discretionary Nature of Sentencing Guidelines.  The defendant acknowledges

5    that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing

6    Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are

7    advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to

8    the maximum term of imprisonment permitted by statute.

9         B.    Offense Level Calculations.  The parties stipulate to the following calculation of

10   the defendant's offense level under the Sentencing Guidelines, acknowledge that these

11   stipulations do not bind the Court, and agree that they will not seek to apply any other specific

12   offense characteristics, enhancements or reductions:

13            1.    Count One: Coercion and Enticement, 18 U.S.C. § 2422(b)
                     Base Offense Level USSG § 2G1.3(a)(3):              28
14                   Enhancements:
                         Use of a computer USSG § 2G1.3(b)(3)(A):      +2
15                   Reductions:
                         Acceptance of Responsibility (if applicable):  - 3
16
17   The defendant acknowledges that the statutory maximum sentence and any statutory

18   minimum sentence limit the Court's discretion in determining the defendant's sentence

     notwithstanding any applicable Sentencing Guidelines provisions.
19
          C.    Reduction of Offense Level for Acceptance of Responsibility.  Under USSG
20
     §3E1.1(a), the United States will recommend that the defendant receive a two-level downward
21
     adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts
22
     establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully
23
     admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails
24

6

1   to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d)

2   provides false or misleading information to the United States, the Court, Pretrial Services, or the

3   Probation Office; (e) denies involvement in the offense or provides conflicting statements

4   regarding his involvement or falsely denies or frivolously contests conduct relevant to the

5   offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime;

6   (h) fails to appear in court; or (i) violates the conditions of pretrial release.

7          Under USSG §3E1.1(b), the United States will move for an additional one-level

8   downward adjustment for acceptance of responsibility before sentencing because the defendant

9   communicated his decision to plead guilty in a timely manner that enabled the United States to

10  avoid preparing for trial and to efficiently allocate its resources.

11         These Sentencing Guidelines provisions, if applied, will result in a total offense level of

12  either 28 (if two-level adjustment applies) or 27 (if two-level adjustment and additional one-

13  level adjustment both apply).

14         D.    Criminal History Category.   The defendant acknowledges that the Court may

15  base his sentence in part on the defendant's criminal record or criminal history.  The Court will

16  determine the defendant's Criminal History Category under the Sentencing Guidelines.

17         E.    Relevant Conduct.  The Court may consider any counts dismissed under this Plea

18  Agreement and all other relevant conduct, whether charged or uncharged, in determining the

19  applicable Sentencing Guidelines range and whether to depart from that range.

20         F.    Additional Sentencing Information.    The stipulated Sentencing Guidelines

21  calculations are based on information now known to the parties.  The parties may provide

22  additional information to the United States Probation Office and the Court regarding the nature,

23  scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or

24

1  circumstances.   Good faith efforts to provide truthful information or to correct factual

2  misstatements shall not be grounds for the defendant to withdraw his guilty plea.

3        The defendant acknowledges that the United States Probation Office may calculate the

4  Sentencing Guidelines differently and may rely on additional information it obtains through its

5  investigation.   The defendant also acknowledges that the Court may rely on this and other

6  additional information as it calculates the Sentencing Guidelines range and makes other

7  sentencing determinations, and the Court's reliance on such information shall not be grounds for

8  the defendant to withdraw his guilty plea.

9  **VII.    APPLICATION OF SENTENCING STATUTES**

10        A.    Maximum Penalty.   The maximum penalty for Coercion and Enticement under

11  18 U.S.C. § 2422(b) is a lifetime prison sentence, a fine of $250,000, or both. 18 U.S.C.

12  §2422(b).

13        B.    Factors Under 18 U.S.C. § 3553.   The Court must consider the factors set forth in

14  18 U.S.C. § 3553(a) in determining the defendant's sentence.   However, the statutory maximum

15  sentence and any statutory minimum sentence limit the Court's discretion in determining the

16  defendant's sentence.

17        C.    Additional Mandatory Sentencing Provisions.   The defendant acknowledges that

18  he faces a statutory mandatory minimum sentence of ten years and that he cannot and will not

19  receive a sentence of less than ten years.

20        Defendant has been advised, and understands, that under the Sex Offender Registration

21  and Notification Act, a federal law, defendant must register and keep the registration current in

22  each of the following jurisdictions: where defendant resides; where defendant is an employee;

23  and where defendant is a student. Defendant understands that the requirements for registration

24  include providing defendant's name, defendant's residence address, and the names and

1  addresses of any places where defendant is or will be an employee or a student, among other

2  information. Defendant further understands that the requirement to keep the registration current

3  includes informing at least one jurisdiction in which defendant resides, is an employee, or is a

4  student not later than three business days after any change of defendant's name, residence,

5  employment, or student status. Defendant has been advised, and understands, that failure to

6  comply with these obligations subjects defendant to prosecution for failure to register under

7  federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment, or both.

8        D.  <u>Parole Abolished</u>.  The defendant acknowledges that his prison sentence cannot

9  be shortened by early release on parole because parole has been abolished.

10        E.  <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will

11  be subject to a term of supervised release not to exceed life. 18 U.S.C. § 3582(j). Supervised

12  release is a period of time after release from prison during which the defendant will be subject

13  to various restrictions and requirements.  If the defendant violates any condition of supervised

14  release, the Court may order the defendant's return to prison for all or part of the term of

15  supervised release, which could result in the defendant serving a total term of imprisonment

16  greater than the statutory maximum prison sentence of life.

17        As a condition of supervised release, defendant shall initially register with the state sex

18  offender registration in Nevada, and shall also register with the state sex offender registration

19  agency in any state where defendant resides, is employed, works, or is a student, as directed by

20  the Probation Officer. The defendant shall comply with all requirements of federal and state sex

21  offender registration laws, including the requirement to update his registration information.

22  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release

23  from imprisonment.

24

1    F.    Special Assessment.  The defendant will pay a $100.00 special assessment per

2    count at the time of sentencing.

3    **VIII.   POSITIONS REGARDING SENTENCE**

4    The United States and the defendant will jointly recommend that the Court sentence the

5    defendant to the mandatory minimum sentence of 120 months unless the defendant commits

6    any act that could result in a loss of the downward adjustment for acceptance of responsibility.

7    The defendant acknowledges that the Court does not have to follow that recommendation.  The

8    government will oppose any upward variance or departure from the mandatory minimum if

9    recommended by the probation officer in this case. The defendant also acknowledges that the

10   Court does not have to grant a downward departure based on the defendant's substantial

11   assistance to the United States, even if the United States chooses to file a motion pursuant to 18

12   U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35.  This Plea Agreement does not

13   require the United States to file any pre- or post-sentence downward departure motion under

14   USSG § 5K1.1 or Fed. R. Crim. P. 35.  Notwithstanding its agreement to recommend a 120

15   month sentence, the United States reserves its right to defend any lawfully imposed sentence on

16   appeal or in any post-conviction litigation.

17   The defendant will not request a sentence below the mandatory minimum sentence of

18   120 months, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG §

19   4A1.3(b)(1) from any sentence the Court may impose.

20   **IX.    RESTITUTION**

21   In exchange for benefits received under this Plea Agreement, the defendant agrees to

22   make full restitution in an amount to be determined by the Court for all of the losses the

23   defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and

24   by all of his relevant conduct. 18 U.S.C. § 3663(a)(3).  The defendant cannot discharge his

10

1  restitution obligation through bankruptcy proceedings.   The defendant acknowledges that

2  restitution payments and obligations cannot offset or reduce the amount of any forfeiture

3  judgment imposed in this case.

4  **X.    FORFEITURE**

5      The defendant knowingly and voluntarily:

6      A.    Agrees to the abandonment, the civil administrative forfeiture, the civil judicial

7  forfeiture, or the criminal forfeiture of the: a) iPhone (unknown serial); and b)    Silver    Dell

8  XPS PC tower, serial #1FGDM1. ("property"); and  a Dodge pickup bearing NV plate

9      B.    Abandons or forfeits the property to the United States;  272THU, VIN

10     C.    Relinquishes all right, title, and interest in the property;  3B7HF1328W  164 716

11     D.    Waives his right to any abandonment proceedings, any civil administrative

12  forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture

13  proceedings of the property ("proceedings");

14     E.    Waives service of process of any and all documents filed in this action or any

15  proceedings concerning the property arising from the facts and circumstances of this case;

16     F.    Waives any further notice to him, his agents, or his attorney regarding the

17  abandonment or the forfeiture and disposition of the property;

18     G.    Agrees not to file any claim, answer, petition, or other documents in any

19  proceedings concerning the property;

20     H.    Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7

21  and 32.2, the constitutional requirements, and the constitutional due process requirements of

22  any proceedings concerning the property;

23     I.    Waives his right to a jury trial on the forfeiture of the property;

24

11

1      J.     Waives all constitutional, legal, and equitable defenses to the forfeiture or

2 abandonment of the property in any proceedings, including but not limited to (1) constitutional

3 or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and

4 Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

5      K.     Agrees to the entry of an Order of Forfeiture of the property to the United States;

6      L.     Agrees that forfeiture is immediately due and payable and subject to immediate

7 collection by the United States;

8      M.     Agrees and understands the abandonment, the civil administrative forfeiture, the

9 civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as

10 satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the

11 Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

12      N.     The defendant acknowledges that the amount of the forfeiture may differ from,

13 and may be significantly greater than, the amount of restitution.

14 **XI.**    **FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

15      Before or after sentencing, upon request by the Court, the United States, or the Probation

16 Office, the defendant will provide accurate and complete financial information, submit sworn

17 statements, and/or give depositions under oath concerning his assets and his ability to pay. The

18 defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and

19 will release funds and property under his control in order to pay any fine, forfeiture, or

20 restitution ordered by the Court.

21 **XII.**    **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

22      A.     <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges

23 that:

24

(1)     He has read this Plea Agreement and understands its terms and conditions;

(2)     He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3)     He has discussed the terms of this Plea Agreement with his attorney;

(4)     The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)     He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial.  The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.     <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the

1  Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective

2  assistance of counsel.

3

4       The defendant acknowledges that the United States is not obligated or required to

5  preserve any evidence obtained in the investigation of this case.

6       C.    Removal/Deportation Consequences.    The defendant understands and

7  acknowledges that if he is not a United States citizen, then it is highly probable that he will be

8  permanently removed (deported) from the United States as a consequence of pleading guilty

9  under the terms of this Plea Agreement.  The defendant has also been advised if his conviction

10 is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the

11 United States and will not be allowed to return to the United States at any time in the future.

12 The defendant desires to plead guilty regardless of any immigration consequences that may

13 result from his guilty plea, even if the consequence is automatic removal from the United States

14 with no possibility of returning. The defendant acknowledges that he has specifically discussed

15 these removal/deportation consequences with his attorney.

16 **XIII.   ADDITIONAL ACKNOWLEDGMENTS**

17      This Plea Agreement resulted from an arms-length negotiation in which both parties

18 bargained for and received valuable benefits in exchange for valuable concessions.    It

19 constitutes the entire agreement negotiated and agreed to by the parties.  No  promises,

20 agreements or conditions other than those set forth in this agreement have been made or implied

21 by the defendant, the defendant's attorney, or the United States, and no additional promises,

22 ///

23 ///

24 ///

14

1  agreements or conditions shall have any force or effect unless set forth in writing and signed by

2  all parties or confirmed on the record before the Court.

3                                              DANIEL G. BOGDEN,
                                               United States Attorney
4

5  DATE  8·18·14                               _____
                                               Roger Yang
6                                              Assistant United States Attorney

7
   DATE  7/21/14                               _____
8                                              Damian R. Sheets
                                               Counsel for the Defendant
9

10 DATE  7/21-14                               _____
                                               Travis Paul Schultz
11                                             Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

                                      15